cal______

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SERGIO GUZMAN-SOSA (1), KATRINA CUELLAR (2),<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 08cr1794 JM (AJB)<br>08mj1524<br><br>ORDER GRANTING MATERIAL WITNESS VIDEOTAPED DEPOSITION |

Pursuant to the motion of material witnesses Pedro Jimenez-Vasquez and Marco Aguilar-Paez [the "Material Witnesses"], by and through their attorney, Robert E. Schroth Jr., by appearance of the parties and their respective counsel, and good cause appearing:

1. Unless the Material Witnesses are previously released from custody of both the U.S. Marshal and the United States Border Patrol, the Material Witnesses, Pedro Jimenez-Vasquez and Marco Aguilar-Paez shall be deposed on ***July 1, 2008 at 10:00 a.m.*** The depositions will be held at the U.S. Attorney's office in San Diego, California. An employee of the U.S. Attorney's office shall serve as the videotape operator.

2. All parties shall attend the depositions. The arresting agency shall bring the Material Witnesses to the deposition and remain present during the proceeding. If the defendant(s) are in custody, they shall be brought separately to the depositions and a marshal shall remain present during the entire proceeding.

3. The United States Attorney's Office shall arrange for a court-certified interpreter to be present for the Material Witnesses, if necessary. The cost of the interpreter for the Material Witnesses will be borne by the United States. See 28 U.S.C. § 1827(c)(2).

4. If a defendant needs an interpreter independent of the Material Witnesses' interpreter (if any), defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter shall be paid by the court.

5. The U.S. Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony and serve as a notary and preside at the depositions in accordance with Rule 28(a), Fed. R. Civ. P. The cost of the court reporter shall be borne by the U.S. Attorney's Office.

6. The depositions shall be videotape recorded. Prior to the conclusion of each deposition, the deponent, or a party, may elect to have the deponent review the videotape record of his depositions and to note any changes. Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent(s).

7. The videotape operator shall select and supply all equipment required to videotape and audiotape the depositions and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He/she shall determine these matters in a manner that accurately reproduces the appearance of the witnesses and assures clear reproduction of each witness' testimony and the statements of counsel. The witness, or any party to the action, may place upon the record any objection to the videotape operator's handling of any of these matters. Such objection shall be considered by the Court in ruling on the admissibility of the video and/or audiotape record. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objection.

8. The Material Witnesses shall be deposed in an order as determined the Assistant United States

Attorney conducting the depositions for the prosecution. The deposition shall be recorded in a fair, impartial, objective manner. The videotape equipment shall be focused on the witness; however, the videotape operator may from time to time focus upon charts, photographs, exhibits or like material being shown to the witness during the deposition.

9. Before examination of the witness, the notary shall state on the video/audio record: (a) his/her name and address; (b) the date, time and place of the deposition; (c) the name of the witness and the caption of the action; and (d) the identity of the parties and the names of all persons present in the room. The notary shall then swear the witness on the video record. Further, at the beginning of the examination by each counsel, the counsel shall identify himself/herself and his/her respective client on the record. If more than one videotape is used, the notary shall repeat items (a), (b) and (c) at the beginning of each new tape.

10. The videotape operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record. Each time the tape is stopped or started, the videotape operator shall announce the time on the record. If the deposition requires the use of more than one tape, the end of each tape and the beginning of the next shall be announced orally on the video record by the operator.

11. Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for preparing a transcript for the court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition.

12. If requested by a party, the deposition testimony, if offered other than for impeachment, may be presented in non-stenographic audio/visual format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the Court. See Fed. R. Civ. P. 32(c).

13. Copies of all exhibits utilized during the videotaped deposition shall be marked for identification

during the deposition and filed along with the videotape.

14. At the conclusion of each deposition, the Government and defendants will advise the material witness' attorney if they intend to object to the release of the material witness. If the parties do not object to the witness' release, the Government and defense attorney will immediately approve an order for the material witness' release from custody. The Government will provide the witness with a subpoena for the trial date, a travel advance fund letter, and written authorization to enter the United States to testify at trial.

15. If either party objects to the release of the material witness, the objecting party must immediately request in writing a hearing on the issue before the District Court within four business hours after the deposition is concluded. At the hearing, the objecting party must be prepared to show why the release of the material witness is not appropriate under 18 U.S.C. § 3144. If, after the hearing, the Court decides to release the material witness, the material witness attorney should file the witness release order immediately. Again, the Government must serve the witness with a trial subpoena, a travel fund advance letter, and written authorization to legally enter the United States to testify at trial before the material witness is released.

16. Upon request by either party, the videotape operator shall provide a copy of the videotape deposition to the requesting party at the requesting party's expense. After preparing the requested copies, if any, the videotape operator shall turn the original videotape over to the notary along with a certificate signed by the videotape operator attesting that the videotape is an accurate and complete record of the deposition.

17. The notary shall file this original tape, along with the any exhibits offered during the deposition, with the Court in a sealed envelope marked with the caption of the case, the name of the witness and the date of the deposition. To that envelope, the notary shall attach the sworn statement that the videotape is accurate and complete record of the recorded deposition and certification that the witness was duly sworn by the officer.

18. To the extent that the procedures set forth herein for the videotaping vary from those set forth in

Rules 28 and 30 F. R.Civ. P., these variations are found to be for good cause shown as allowed by F. R. Civ. P. 29.

19. Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the videotape record of the deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

IT IS SO ORDERED.

DATED: June 24, 2008

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court