**ERICK L. GUZMAN**
California Bar No. 244391
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467
Erick_Guzman@fd.org

Attorneys for Mr. Guzman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. **SERGIO GUZMAN-SOSA,** Defendant. | Case No. 08CR1794-JM<br>DATE: June 27, 2008<br>TIME: 11:00 A.M.<br>DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE AND OPPOSITION |

**I.**

## STATEMENT OF FACTS[1]

On May 15, 2008, Mr. Guzman was in a White Chrysler 300 that was seized by agents. He was later interrogated in the Spanish language. Border Patrol Agent Mondragon then wrote a report that contained a version of the contents of that interrogation. The government has provided Mr. Guzman with a DVD copy of the interrogation, which is in Spanish. They have not provided a certified English translation.

On June 20, 2008, Mr. Guzman filed his pre-trial motions. On June 26, 2008, the government filed its response in opposition.

[1] Unless otherwise noted, these facts are based on discovery provided by the government. Mr. Guzman reserves the right to take a contrary position at a later juncture.

## II.

## THE COURT MUST BE PROVIDED WITH A CERTIFIED TRANSLATION OF INTERROGATION TO RESOLVE WHETHER OR NOT *MIRANDA* WAS VIOLATED[2]

In its effort to prevent Mr. Guzman from receiving a §3501 hearing, the government cites the report of investigation to reference the questioning of Mr. Guzman. See Gov't. Memo at 8. ("he made a knowing and voluntary waiver of his rights, free from coercion.") This is problematic. First, the interrogation occurred in Spanish and the report of investigation is in English. It is unknown who translated the interrogation for the report, but it is known that there is no evidence that said person is certified to perform that task. Also, the DVD of the interrogation is the best evidence of what was said. And the fact that the government cites the report of investigation indicates that they are not relying on the actual interview. It is unfair to force Mr. Guzman to be limited to a non-certified English translation that was apparently prepared by the government agent that arrested Mr. Guzman. The resolution of this issue should await production of a certified transcription. Since it is the government's burden to prove compliance with Miranda, they should provide the translation. See United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984) Obviously, this is a moot issue if they do not desire to use the statements at trial.

## III.

## MR. GUZMAN HAS MEET HIS BURDEN FOR PRODUCTION OF GRAND JURY TRANSCRIPT

The government has responded that Mr. Guzman has failed to support his motion [for production of grand jury transcript] of the requisite need. See Gov't. Memo. at 7. Mr. Guzman made this showing by pointing out that there was exculpatory evidence of which the government was aware and it is unknown whether or not this evidence was presented to the grand jury panel that indicted Mr. Guzman.

The government argues that Mr. Guzman's statement that he "'never states that he had knowledge of the material witnesses' immigration status prior to his arrest is in direct contrast to [his] own statement in the report of investigation." Id at 8. Mr. Guzman's statement might differ from the report of investigation that was authored by an agent, but it does not differ from what actually occurred at the interrogation. Defense counsel has watched the DVD of the interrogation, which is in Spanish, and believes that Mr. Guzman never

admits to knowing the immigration status of the material witnesses prior to his arrest. Therefore, assuming defense counsel is correct, that evidence is exculpatory, and should have been presented to the grand jury.

Next, the government argues that the fact the material witnesses fail to claim that Mr. Guzman was aware of their immigration status is an "omission," it is not exculpatory. See Gov't Memo. at 8. However, that omission mitigates against a finding against probable cause and should have been presented to the grand jury. And when you join this omission to the fact that Mr. Guzman did not admit to knowing they were illegal prior to being arrested, the grand jury would have been left with no direct evidence that Mr. Guzman knew of the material witnesses' illegal status. And for that reasons, it is necessary to determine if the grand jury was in fact apprised of this exculpatory evidence.

## IV.

## COMPEL DISCOVERY

It appears that the majority of Mr. Guzman's discovery requests are being worked out informally. In its response, the government stated that it would comply with all specific request. However, on June 20, Mr. Guzman specifically requested production of any reports pertaining to the prior incident involving the seized vehicle referenced in Mr. Mondragon's report, and all dispatch tapes relating Mr. Guzman's arrest. He has not received those items.

## V.

## CONCLUSION

Mr. Guzman requests that the Court rule as set out above, and in his previous pleadings.

Respectfully submitted,

DATED: July 2, 2008

*/s/ Erick L. Guzman*

ERICK L. GUZMAN
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Guzman
Erick_Guzman@fd.org

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy Chambers

Copy Assistant U.S. Attorney via ECF NEF

Copy Defendant

Dated: July 2, 2008

/s/ ERICK L. GUZMAN

Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
erick_guzman@fd.org (email)