**ERICK L. GUZMAN**
California Bar No. 244391
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467
Erick_Guzman@fd.org

Attorneys for Mr. Guzman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**SERGIO GUZMAN,**<br><br>Defendant. | Case No. 08CR1794-JM<br><br>DATE: September 12, 2008<br>TIME: 1:30 P.M.<br><br>NOTICE OF MOTIONS AND MOTIONS TO:<br><br>1) DISMISS INDICTMENT;<br>2) ORDER TRANSLATION; AND<br>3) ORDER PAYMENT OF TRANSCRIPT EXPENSES |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
MARK CONOVER, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that, on September 12, 2008, at 1:30 p.m., or as soon thereafter as counsel may be heard, defendant, Sergio Guzman, by and through his attorneys, Erick L. Guzman, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

/ / /

/ / /

/ / /

/ / /

/ / /

## MOTIONS

Defendant, Sergio Guzman, by and through his attorneys, Erick L. Guzman, and Federal Defenders of San Diego, Inc., asks this Court, pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules, for an order to:

1) Dismiss Indictment For Violation of Rule 5;

2) Order Translation; and

3) Order Payment of Expenses of Deposition Transcript.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

DATED: September 2, 2008

*/s/ Erick L. Guzman*

**ERICK L. GUZMAN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Guzman
Erick_Guzman@fd.org

**ERICK L. GUZMAN**
California Bar No. 244391
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467
Erick_Guzman@fd.org

Attorneys for Mr. Guzman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**SERGIO GUZMAN,**<br><br>Defendant. | Case No. 08CR1794-JM<br><br>DATE: September 12, 2008<br>TIME: 1:30 A.M.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS |

## I.

## STATEMENT OF FACTS[1]

Mr. Guzman hereby incorporates, by reference, the statement of facts laid out in his June 20, 2008 filing.

Mr. Guzman initially appeared before the Southern District and was appointed counsel due to his indigent status. See Clerk's Docket Sheet at 2. was arraigned on May 19, 2008. See id. Mr. Guzman was indicted and arraigned on that indictment on June 3, 2008, at which point, he moved to dismiss the indictment for violating the ten-day limit of rule 5. See Tx. of arraignment (attached as Exhibit A). Judge Battaglia calculated that Mr. Guzman was arraigned on the eleventh day. See id. at 5. Judge Battaglia held that such a motion "was outside my jurisdiction" had to be brought before the District Court. See id. at 6.

/ / /

[1] Unless otherwise noted, these facts are based on discovery provided by the government. Mr. Guzman reserves the right to take a contrary position at a later juncture.

On June 17, 2008, the two material witnesses in this case moved Judge Battaglia to order a video deposition be taken, which was ordered over Mr. Guzman's objection. See Clerk's Docket Sheet at 27. After the deposition, the material witnesses moved to be released, and again they prevailed over Mr. Guzman's objection. See id. at 29. On July 1, 2008, the government deposed the material witnesses, at their office, with a court reporting service that they chose.

## II.

## DISMISS INDICTMENT DUE TO VIOLATION OF RULE 5

For a felony case, Federal Rule of Criminal Procedure 5.1 requires a magistrate judge hold a preliminary hearing to determine if there is probable cause to proceed.[2] See Fed. R. Crim. P. 5.1(a) & (c). That hearing must be held "within a reasonable time, but not later than 10 days after the initial appearance if the defendant is in custody," and Mr. Cruz has been in custody since his arrest, which was May 15, 2008. Fed. R. Crim. P. 5.1(c) (emphasis added). Thus, the latest time a preliminary hearing may be scheduled for is ten days after the initial appearance, which in this case was May 29, 2008. The preliminary hearing, and the indictment used to establish probable cause, did not occur until June 3rd, 2008 which was in violation of Rule 5, requiring dismissal.

## III.

## ORDER TRANSLATION

The government has provided Mr. Guzman with a DVD of his post arrest statements, and the interviews of the material witnesses, which are both in Spanish. Mr. Guzman anticipates that the government will use these statements at trial. Also, they are an integral part of Mr. Guzman's defense at the pre-trial and trial phase. Mr. Guzman requests that this Court request the government to provide Mr. Guzman with a certified translation of these statements, if they intend to use them at trial.

## IV.

## ORDER PAYMENT FOR TRANSCRIPT OF VIDEO DEPOSITION

The video tape deposition was requested by the materials witnesses, and ordered by the Magistrate Judge over Mr. Guzman's objection. The government did not object to the request. The government arranged the deposition and selected the court reporting service.

---

[2] There are exceptions to that requirement, but they don't apply here.

Rule 15 states that the court "may--or if the defendant is unable to bear the deposition expenses, the court must--order the government to pay . . . . the cost of the deposition transcript." See Fed. R Crim. P. 15(d).

The deposition in this case was not ordered by the United States Attorney's office, but it was ordered by the government's witnesses, and it was not opposed by the government. Mr. Guzman did object to and oppose the ordering of the video-tape deposition. Mr. Guzman is indigent as which is evidenced by Federal Defenders being appointed.

**V.**

**CONCLUSION**

For the foregoing reasons, Mr. Guzman respectfully requests that the Court grant the above motions.

Respectfully submitted,

DATED: September 2, 2008

*/s/ Erick L. Guzman*
ERICK L. GUZMAN
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Guzman
Erick_Guzman@fd.org

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

W. Mark Conover
mark.conover@usdoj.gov,helaine.curtis@usdoj.gov,efile.dkt.gc1@usdoj.gov;

Gary Edwards
garyedwards01@earthlink.net;

Jeffrey David Moore
Jeffrey.Moore@usdoj.gov,debra.huntley@usdoj.gov,efile.dkt.gc1@usdoj.gov; and

Robert E. Schroth, Jr.
robschrothesq@sbcglobal.net,gershtheman@yahoo.com

DATED: September 2, 2008

/s/ ERICK L. GUZMAN

Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
erick_guzman@fd.org (email)